FILED IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

08 JUL 22 PM 3:30         San Francisco Venue

Civil Action No. RFD W. WIEKING
CLERK U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jose Luis Sanchez- Hernandez          CV 08 , Applicant   3509 (PR)

V.                                                                    CW

J.M. Wilner, Warden, FCI- Florence, _____, Respondent.
**(Name of warden, superintendent, jailer, Or Other custodian)**

---

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C.§ 2241

---

### A. PARTIES

1. Jose l. Sanchez- Hernandez, #06405-046, FCI- Florence
   **(Applicant's name, prisoner identification number, and complete mailing address)**

   P.O.BOX - 6000, Florence CO. 81226-6000

2. J.M. Wilner,  Warden, FCI- Florence, 5880 State Hwy 67 South
   **(Respondent's name and complete mailing address)**   Florence, Co. 81226

3. If you are not confined in a prison,jail, or Other correctional facility,
   explain how you are in custody:

                              N/A

4. If you are confined in a prison, jail, Or Other correctional facility
   but the named respondent is not the warden, superintendent, Or jailer
   at the prison, jail, Or correctional facility in which you are confined,
   Explain how the respondent is your custodian:

                              N/A


(Rev. 9/02/04)

## B. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "B. NATURE OF THE CASE."

The Respondent has refused to apply 84 days of dentention credits

towards the satisfaction of the Applicants 33 month prison sentence.

## C. CLAIMS

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

CAUTION: In order to proceed in federal court, you ordinarily must exhaust administrative and/or state remedies for each claim that is asserted in this action.

1.    Have you exhausted administrative and/or state
      remedies for each claim asserted in this action?    ___ Yes **xx** No  (CHECK ONE)

2.    If you answered "No" to question 1., list the claims
      for which you have not exhausted administrative
      and/or state remedies and explain why:          The Respondent has

      refused to respond to the administrative remedy submissions

      tendered by the Applicant to resolve this dispute.

(Rev. 9/02/04)                              2

3.  Claim One:   The Respondent has refused to apply 84 days of detention credits earned by the Applicant toward the satisfaction of his 33 month federal prison sentence.

    A.  Supporting facts:

Please see attached sheets.

    B.  Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

Please see attached sheets

4.  Claim Two:   N/A

    A.  Supporting Facts:

N/A

    B.  Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

N/A

(Rev. 9/02/04)                    3

5.    Claim Three: _____ N/A _____

    A.    Supporting facts:

        N/A

    B.    Explain the steps you have taken to exhaust administrative and/or state remedies for this claim (attach proof of exhaustion, if available):

        N/A

## D. PRIOR APPLICATIONS

1.    Have you filed any prior action in federal court in which you raised or could have raised the claims raised in this action?    ___ Yes  _xx_ No  (CHECK ONE)

2.    If you answered "Yes" to question 1., give the following information for each prior federal court action challenging the execution of your sentence.

    A.    Name and location of court: _____ N/A _____

    B.    Case number: _____ N/A _____

    C.    Type of proceeding: _____ N/A _____

    D.    List the claims raised: _____ N/A _____

(Rev. 9/02/04)        4

E.    Were the claims in this
action actually asserted in
the prior action?                    ___ Yes  xx  No  (CHECK ONE)

F.    Were the claims in this
action available to be
asserted in the prior action?    ___ Yes  xx  No  (CHECK ONE)

G.    Date and result (attach a
copy of the decision if
available):                          N/A

## E. REQUEST FOR RELIEF

I request the following relief: Order the respondent to adjust the Applicants 33 month prison sentence downward by 2 month and 24 days (84 total days) pursuant to United States Sentencing Commission Guildeline Section 5G1.3(b)(1) to award the Applicant the detention credits he has earned; and any other relief deemed just and proper by this Court.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  7/15/2008
                    (Date)

_Jose L. Sanchez_
(Applicant's Original Signature)

(Rev. 9/02/04)                          5

INTRODUCTION

COMES NOW the applicant Jose Luis Sanchez-Hernandez
[hereafter to be known as Hernandez] and moves this court for
the issuance of a writ of habeas corpus therein commanding the
Respondent J.M. Wilner, Warden at the Federal Correctional
Institution (FCI) Florence, and the Bureau of Prisons (BOP),
to amend the Applicants 33 month prison sentence downward by
2 months and 24 days pursuant to United States Sentencing
Commission (USSC) Guideline Section 5G1.3(b)(1) to award Mr.
Hernandez the detention credits that he has earned, but are not
being authorized by the BOP towards fulfilling his federal
prison sentence pursuant to Title 18 USC § 3585 (b).

BACKGROUND

Mr. Hernandez was charged with being an Alien Found in
the United States After Deportation in violation of Title 18
USC § 1326 (b) in the US District Court for the Northern
District of California. Mr. Hernandez ultimately plead guilty
to the charged offence and on October 18, 2007 the defendant
apppeared before the Honorable Jeffrey S. White, U.S. District
Judge, for imposition of sentence. The Court imposed a 33 month
term of imprisonment on the charged offense to be followed by 3
years of supervised release. The hearing was concluded and Mr.
Hernandez was remanded into the custody of the US Marshall
Service for execution of sentence. Mr. Hernandez is currently
confined at the Federal Correction Institution (FCI) located at
Florence, Colorado and he currently has a projected release date

1.

of May 20, 2010.

## DISCUSSION

On May 29, 2007 Mr. Hernandez made his initial appearance in Federal Court in the criminal prosecution underlying this action. At that time he was in custody of the U.S. Marshall Service. Mr Hernandez remained in federal custody continuously through the date of his sentencing on October 18, 2007. Unfortunately, the BOP has refused to grant Mr. Hernandez the pretrial detention credits that he earned from May 29, 2007 through August 21, 2007 (approximately 84 days or 2 months and 24 days).

Mr. Hernandez argues in this pro-se petition that he is entitle to the disputed detention credits pursuant to USSC Guideline section 5G1.3 (b)(1) because the BOP has refused to apply the disputed detention credits pursuant to Title 18 USC §3585(b).

## ARGUMENT

The BOP has refused to apply the disputed 84 days of detention credits earned by the Applicant toward the satisfaction of his federal sentence pursuant to Title 18 USC § 3585 (b).

This exact situation is contemplated by USSC Guideline Section 5G1.3 (b)(1) which states:

2.

"(1) The court shall adjust the sentence
for any period of imprisonment already
served on the undischarged term of
imprisonment if the court determines that
such period of imprisonment will not
be credited to the federal sentence
by the BOP."

USSC Guideline Section 5G1.3(b)(1).


By applying USSC Guideline Section 5G1.3(b)(1) to Mr.
Hernandez's 33 month prison term in effect, this court is
authorized to reduce Mr. Hernandez's Federal prison sentence
downward by 2 months and 24 days to reflect a new prison
"term in effect" of 30 months and 6 days which would grant Mr.
Hernandez the disputed detention credits which he has already
earned.


Because the BOP has refused to authorize the 2 months and
24 days of detention credit under Title 18 § 2585 (b) - this
court should authorize and order the reduction of Mr. Hernandez's
Federal prison sentence by 2 months and 24 days pursuant to USSC
Guideline section 5G1.3(b)(1) to reflect a new prison term of
30 months and 6 days.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES


Mr. Hernandez contends that any further attempt to resolve
this dispute administratively with the respondent would be an
exercise in futility.  The respondent has taken the position

3.

that the Applicant is not entitled to the disputed detention credits and will not revisit that determination.  Mr. Hernandez contends that the administrative remedy exhaustion requirement of Title 42 USC § 1997 is not a jurisdictional mandate for habeas petitions filed pursuant to 28 USC § 2241. Moreover, the exhaustion requirement of the Prison Litigation Reform Act can be waived if the process would  prove to be futile. See Jasper v. FBOP, 460 F.3d 1160 (10th Cir. 2007).

Based on these authorities Mr. Hernandez requests that this court waive the administrative remedy exhaustion requirement on this case and rule on this petition for habeas relief based soley on it's merit.

### REQUEST FOR APPOINTMENT OF COUNSEL

Mr. Hernandez now moves this court for appointment of counsel pursuant to Title 18 USC § 3006 (A) of the Criminal Justice Act.

Appointment of Counsel is authorized at any stage of a habeas proceeding in the interest of justice.

Therefore, in the interest of justice and fairplay, Mr. Hernandez respectfully requests the appointment of counsel for the remainder of this habeas corpus proceeding.

### CONCLUSION

4.

Mr. Hernandez has earned the 2 months and 24 days of pretrial detention credits being disputed in this action.  There is no valid reason to deny Mr. Hernandez the pretrial detention credits that he has earned.

FOR THIESE REASONS the Applicants petition for a writ of habeas corpus should be granted and the respondent, and the BOP, Ordered to adjust Mr. Hernandez's 33 month prison sentence downward by 2 months and 24 days pursuant to USSC Guideline Section 5G1.3(b)(1); and Any other relief deemed just and proper by this court.

Dated this 30 day of June 2008

Respectfully Submitted,

Jose Luis Sanchez-Hernandez

////.

Jose L. Sanchez Hernandez
Reg. ID#06405-046/N/A/905
Federal Correctional Institution
P.O. BOX-6000
Florence, CO.81226-6000



[ The Honorable Jeffrey S. White]

Clerk of the Court
United States District Court
For the Northern District of California
Clerk's Office is on the 16th Floor
450 Golden Gate Ave.
San Francisco, CA.94102

RECEIVED

JUL 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



QUALITY PARK 9½ x 12⅝



FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 6000
FLORENCE, COLORADO 81226

DATE: 7-15-08

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or a problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.

